UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-5045(DSD/TNL)

Ketsalophone Sasorith,

    Plaintiff,

**ORDER**

Detector Electronics Corporation
and United Technologies,

    Defendants.

    Michael B. Healey, Esq. Michael Healey Law, LLC, 1599 Selby Avenue, Suite 106LL, St. Paul, MN 55104, counsel for plaintiff.

    Cintra B. McArdle, Esq. and Seyfarth Shaw LLP, 131 South Dearborn Street, Suite 2400, Chicago, IL 60603, counsel for defendants.

This matter is before the court upon the motion for judgment on the pleadings by defendant United Technologies Corporation (UTC). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This employment dispute arises out of the alleged harassment of plaintiff Ketsalophone Sasorith by an employee of defendant Detector Electronic Corporation (Det-Tronics). Sasorith alleges that, beginning in June 2012, a Det-Tronics employee made repeated sexual contact with her. Compl. ¶ 12. She further alleges that her supervisors did not appropriately respond to her complaints

regarding the treatment. Id. ¶¶ 13-18. On December 1, 2014, Sasorith filed a complaint in Hennepin County District Court, asserting claims for sex discrimination under Title VII and the MHRA, and assault. The complaint names Det-Tronics and its alleged parent company UTC as defendants. UTC timely removed and now moves for judgment on the pleadings.

**DISCUSSION**

**I. Standard of Review**

The same standard of review applies to motions under Federal Rule of Civil Procedure 12(c) and 12(b)(6). Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal–Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[L]abels and conclusions or a formulaic recitation of the elements

of a cause of action" are not sufficient to state a claim. <u>Iqbal</u>, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside of the pleadings under Rule 12(c). Fed. R. Civ. P. 12(d). The court, however, may consider matters of public record and materials that do not contradict the complaint, as well as materials that are "necessarily embraced by the pleadings." <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted).

## II. Parent Corporation Liability

UTC argues that it cannot be held liable in this action because Sasorith has not sufficiently pleaded that it is her employer. The court agrees. To state a claim against UTC under Title VII and the MHRA, Sasorith must allege an employment relationship with UTC. <u>Brown v. Fred's Inc.</u>, 494 F.3d 736, 739 (8th Cir. 2007); <u>Martin v. ReliaStar Life Ins. Co.</u>, 710 F. Supp. 2d 875, 887 (D. Minn. 2010). "There is a strong presumption that a parent company is not the employer of its subsidiary's employees." <u>Brown</u>, 494 F.3d at 739 (citation and internal quotation marks omitted). To overcome this presumption, a plaintiff must establish either "(a) the parent company so dominates the subsidiary's operations that the two are one entity and therefore one employer, or (b) the parent company is linked to the alleged discriminatory action because it controls individual employment decisions." <u>Id.</u>

3

(citations and internal quotation marks omitted). To determine whether the parent and subsidiary act as one employer, the court examines the "(1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control." Baker v. Stuart Broad. Co., 560 F.2d 389, 391 (8th Cir. 1977); see also Johns v. Harborage I, Ltd., 585 N.W.2d 853, 858 (Minn. Ct. App. 1998) (same).

Sasorith alleges that UTC is the parent corporation of Det-Tronics and that UTC knew or should have known that she was being harassed. Id. ¶¶ 3, 27, 41, 52. These allegations are insufficient to overcome the presumption that UTC was not Sasorith's employer. See Martin, 710 F. Supp. 2d at 887 (finding allegations that defendants jointly employed plaintiffs and shared centralized operations were insufficient to establish an employment relationship). Sasorith attempts to bolster her allegations with materials outside of her complaint to establish the requisite employment relationship, but has failed to do so.[1]

To show common management between the two entities, Sasorith relies on an attorney affidavit from UTC explaining that the companies "have substantially different memberships" on their boards of directors. Healey Aff. Ex. 3 ¶ 12(a). Sasorith argues

---

[1] The materials on which Sasorith relies are neither matters of public record nor embraced by her complaint. As a result, they are outside the scope of materials that the court may consider under Rule 12(d). Even when considered, Sasorith still fails to overcome the presumption that UTC was not her employer.

4

that this implies the two boards have at least some directors in common, but she fails to identify those directors or describe their management roles within each company. Likewise, Sasorith does not adequately address the extent to which the companies share control over labor relations. She points to two letters sent by a Det-Tronics attorney but printed on "United Technologies Climate|Control|Security" letterhead. Id. Ex. 4. Sasorith argues that these letters, which were sent in response to her claims filed with the Minnesota Department of Human Rights, show that the two entities have centralized labor relations. These letters do not address "the extent to which there is a centralized source of authority for development of personnel policy, maintenance of personal records, human resources, and employment decisions." Sandoval v. Am. Bldg. Maint. Indus., Inc., 578 F.3d 787, 793 (8th Cir. 2009). Finally, Sasorith relies on UTC's 2012 annual report, in which UTC allegedly identifies certain Det-Tronics products as its own, to argue that the two companies have interrelated operations. Id. Ex. 2. The report, however, does not show that the two companies have shared services, a key consideration when determining this factor. See Sandoval, 578 F.3d at 793 (stating that interrelation between two companies is shown through shared services "such as check writing, preparation of mutual policy manuals, contract negotiations, completion of business licenses," and other services). The court cannot conclude from the

5

allegations and materials provided by Sasorith that UTC should be considered her employer for purposes of this action.  As a result, dismissal of UTC from this lawsuit is warranted.[2]

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for judgment on the pleadings by UTC [ECF No. 16] is granted; and

2. Defendant United Technologies Corporation is dismissed from this action with prejudice.

Dated:  July 21, 2015

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court

---

[2] The parties do not address whether UTC should also be held liable for Sasorith's assault claim.  Although a number of theories of liability could be used to hold a parent corporation liable for a tort committed by its subsidiary's employee, Sasorith's allegations fail to support a finding of liability under any of those theories.  See, e.g., Urban v. Am. Legion Post 184, 695 N.W.2d 153, 160-62 (Minn. Ct. App. 2005) (vicarious liability and alter ego); see also Zwicki v. Superior Mach. Co. of S.C., No. 00-1942, 2002 WL 34365098, at *8 (D. Minn. July 31, 2002) ("The mere fact that one corporation holds all of the stock in another does not render it liable for the torts of the latter." (citation and internal quotation marks omitted)).